IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT GOLDEN, JR., )
)
    Plaintiff, )
)
v. )
)
THE CITY OF PEVELY, )
MISSOURI, )
)
and )
)
CHARLES ANTHONY MOUTRAY, )
patrol officer, sued in his individual and )
official capacities, )
)
and )
)
KYLE WEISS, patrol officer, sued in his )
individual capacity )
)
and )
)
BRIAN BENJAMIN, patrol officer, sued in his )
individual capacity, )
)
    Defendants. )

## COMPLAINT

COMES NOW, Plaintiff Robert Golden, Jr., by and through counsel, and for his Complaint against Defendants, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to 42 U.S.C. §1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

1

2. The Court has jurisdiction under 42 U.S.C. §1983, 28 U.S.C. §1343, and 28 U.S.C. §1331.

3. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide supplemental state law claims through 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district and the Court has personal jurisdiction over each of the parties as alleged throughout this Complaint

## JURY TRIAL

5. Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an individual residing in Festus, Missouri. At all relevant times hereto, Plaintiff was an adult resident of Jefferson County, Missouri.

7. Defendant City of Pevely, Missouri (hereinafter "City") is in Jefferson County, Missouri, in the Eastern Division of the Eastern District of Missouri. It is a municipal corporation organized and existing under the laws of the State of Missouri, and more specifically, a fourth class city.

8. Defendant Officer Anthony Moutray (hereinafter "Defendant Moutray) is a peace officer employed by Defendant City. Plaintiff sues Defendant Moutray in his individual capacity.

9. Defendant Officer Kyle Weiss (hereinafter "Defendant Weiss") is a peace officer employed by Defendant City. Plaintiff sues Defendant Weiss in his individual capacity.

10. Defendant Officer Brian Benjamin (hereinafter "Defendant Benjamin") is a peace officer employed by Defendant City. Plaintiff sues Defendant Benjamin in his individual capacity.

**COLOR OF STATE LAW**

11.  At all relevant times, Defendant Moutray acted under color of state law.

12.  Defendant Moutray acted under color of the laws, statutes, ordinances, regulations, polices, customs and usages of the State of Missouri, and its political subdivisions.

13.  At all relevant times, Defendant Weiss acted under color of state law.

14.  Defendant Weiss acted under color of the laws, statutes, ordinances, regulations, polices, customs and usages of the State of Missouri, and its political subdivisions.

15.  At all relevant times, Defendant Benjamin acted under color of state law.

16.  Defendant Benjamin acted under color of the laws, statutes, ordinances, regulations, polices, customs and usages of the State of Missouri, and its political subdivisions

**COMMON FACTUAL ALLEGATIONS**

17.  On or about November 12, 2016, Plaintiff stopped at the Express Mart I-55 Motor Plaza in Pevely, Missouri. Plaintiff was driving a 1995 dark blue Chevy Silverado K2500. There were three passengers in his vehicle. Upon leaving the motor plaza, Plaintiff headed east on Highway Z towards Commercial Blvd. (Highway 61). Plaintiff then took a right on to Highway 61 heading south.

18.  Almost immediately upon heading south it was noticed that a regular vehicle (later identified as a black Dodge Intrepid) was following extremely close. Plaintiff continued south on Highway 61 for almost 2.5 miles. Concerned, and in an effort to let the Intrepid pass, Plaintiff slowed down to nearly 35mph.

19.  Just before the bridge over Joachim creek, a single red light came on in the front dash of the Intrepid that was following Plaintiff. Plaintiff promptly pulled over to the side of the road.

20.  Plaintiff was aware of no laws which would justify a stop nor did he have reason to

believe the Intrepid belonged to law enforcement.

21. After stopping, three individuals exited the Intrepid. The individuals had nothing to denote their position as law enforcement. As they approached the Plaintiff's vehicle, Plaintiff noticed they all had guns drawn. Out of fear for his safety of his life, Plaintiff pulled away from the stop and continued south on Highway 61.

22. As he drove away, Plaintiff instructed his passengers to get down in case the three unknown individuals started shooting.

23. Within 1.5 miles of where Plaintiff pulled away, he saw a marked City of Herculaneum police vehicle at Twin City Honda and pulled over to seek assistance. Plaintiff became confused when the Herculaneum officer was pointing his weapon at the Plaintiff. The officer requested the Plaintiff place his truck in park, and the Plaintiff complied.

24. At nearly the same time, the Intrepid pulled in behind Plaintiff and three individuals exited and approached the Plaintiff's vehicle. Plaintiff had his window down, and was instructed to exit the vehicle.

25. Upon attempting to immediately exit the vehicle, the Plaintiff was forcibly and roughly ripped out of the truck by Defendants Weiss and Benjamin. Simultaneously, his back passenger window was bashed out by Defendant Moutray.

26. Defendants Weiss and Benjamin grabbed Plaintiff and threw him to the ground. Plaintiff was on the ground chest side down. Defendant Weiss and Benjamin handcuffed Plaintiff behind the back.

27. During and after the process of being handcuffed, Defendant Weiss and Benjamin beat and struck Plaintiff in the legs, body, and head.

28. After a few moments, Defendant Moutray came around the truck from the passenger side

and said "make sure your cameras are off." Defendant Moutray then kicked Plaintiff and stood on his head.

29. Defendant Moutray then caused Plaintiff's head to be repeatedly slammed and pushed across the rough asphalt shoulder of the road.

30. During this assault, Defendant Moutray forced Plaintiff to scream self-demeaning vulgarities, including repeatedly saying "I am a pussy."

31. Officer Moutray later said to other officers "I got him to say he is a pussy five times in front of his girlfriend."

32. During the assault on Plaintiff, the other passengers were told and forced to look away several times. One passenger, who was directly on the other side of the truck on the ground, had to look away for a moment because the beating was so bad.

33. The assault on the Plaintiff lasted for three to four minutes and only stopped because other officers arrived on scene.

34. At no time during this encounter did defendant fail to comply with a law enforcement officer's orders or resist arrest.

35. After other officers arrived, Plaintiff was left to lay in place for 30 to 45 minutes in the cold in only a short sleeve T-shirt. At one point Plaintiff overheard an officer bragging about assaulting Plaintiff and stating "brings back good times when we used to go do this."

36. Eventually, Plaintiff was transferred to Pevely Police Department and placed in a holding cell for over an hour.

37. Plaintiff's truck was searched incident to arrest and nothing illegal was found nor was there the presence of a firearm. Following the search, Plaintiff's keys were lost which caused the Defendants to call a local tow company to tow the vehicle to their tow yard.

38. Defendant Weiss wrote citations to Plaintiff for:

   a. "Failure to Yield to Emergency Vehicle (16-990), and

   b. "Failure to Maintain a Single Lane of Traffic" (16-990).

39. Around 3:30am Plaintiff's parents arrived at the Pevely police station to pick up Plaintiff. Plaintiff and his parents arrived home around 5:15am on November 12, 2016.

40. Plaintiff was in a great deal of pain with, among other things, swollen face (both sides), severally bruised torso and groin area, and neck pain from being stood on by Defendants.

41. Around 11:00am Plaintiff's parents made the decision to take Plaintiff to Mercy Hospital Jefferson in Festus, Missouri to report the assault and be evaluated for injuries.

42. As a direct and proximate result of the actions of the Defendant as alleged herein, Plaintiff has incurred damages, which include but are not necessarily limited to the cost of medical care and treatment, ongoing injuries as a result of the assault, a violation of his civil rights, and other damages.

43. Plaintiff has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of the Defendants alleged herein.

44. As a direct and proximate result of the actions of the Defendants, Plaintiff has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

45. Upon information and belief no internal review of Defendant Moutray, Weiss, or Benjamin's use of force has yet to be conducted by the Department.

46. Upon information and belief, Defendant Moutray, Weiss, or Benjamin nor anyone else in the City of Pevely has been disciplined for the assault of the Plaintiff.

47. On information and belief, Defendant Moutray, Weiss, or Benjamin's actions were not

reported by the Defendants to the State bureau of Police Officers Standards and Training (the agency which governs law enforcement licensure).

**COUNT I - USE OF EXCESSIVE FORCE – 42 U.S.C. §1983 (AGAINST DEFENDANT MOUTRAY, WEISS, AND BENJAMIN FOR COMPENSATORY AND PUNITIVE DAMAGES)**

For Count I of Plaintiff's cause of action against Defendants, Plaintiff states:

48. Plaintiff incorporates by reference each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

49. Plaintiff was restrained and detained by Defendants against his will.

50. The Defendants Moutray, Weiss, and Benjamin assaulted and battered Plaintiff without cause or justification, which actions and conduct caused Plaintiff to sustain the above-described injuries and damages.

51. Plaintiff has a Constitutional right to be free from excessive use of force.

52. The use of force by Defendants Moutray, Weiss, and Benjamin was unreasonable, wanton, and intentional under the totality of the circumstances, particularly because Plaintiff was not resisting arrest, was not attempting to escape, was not acting violently or aggressively, or in a manner that posed any obvious danger to himself or anyone else, and therefore was in violation of Plaintiff's rights under the 4th and/or 14th Amendments to the United States Constitution.

53. As a direct and proximate result of the actions of Defendants Moutray, Weiss, and Benjamin as forth herein, Plaintiff was caused to sustain injuries and damages which included, but were not necessarily limited to: physical pain and suffering to his head, neck, torso, and lower body; emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

54. Plaintiff, required, and became responsible for the cost of, medical care and treatment.

Plaintiff has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of Defendants Moutray, Weiss, and Benjamin as alleged herein.

55.  Under 42 U.S.C. §1983 Plaintiff is entitled to an award of compensatory damages against Defendants Moutray, Weiss, and Benjamin in their individual capacity.

56.  Defendants Moutray, Weiss, and Benjamin's respective actions against Plaintiff were:

   a. Reckless;

   b. Showed callous indifference toward the rights of Plaintiff; and

   c. Were taken in the case of a perceived risk that the actions would violate federal law.

57.  Plaintiff is entitled to an award of punitive damages against Defendant Moutray, Weiss, and Benjamin in their individual capacity, in order to punish them and to deter others.

58.  Under 42 U.S.C. §1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. §1983 and 1988 against Defendant Moutray, Weiss, and Benjamin in their individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for costs and non-taxable expenses, and such other and further relief as the Court deems fair and appropriate under the circumstances.

**COUNT II –ASSAULT & BATTERY (AGAINST DEFENDANT MOUTRAY, WEISS, AND BENJAMIN FOR COMPENSATORY AND PUNITIVE DAMAGES AND AGAINST DEFENDANT CITY OF PEVELY, MISSOURI FOR COMPENSATORY DAMAGES ONLY) (STATE LAW CLAIM)**

For Count II of Plaintiff's cause of action against Defendants, Plaintiff states:

59.  Plaintiff incorporates by reference each and every allegation and averment set forth in the

preceding paragraphs of this Complaint as though fully set forth herein.

60. Defendant Moutray, Weiss, and Benjamin acted intentionally with the intent to cause Plaintiff to be in apprehension of bodily harm and to cause Plaintiff bodily harm.

61. Defendant Moutray, Weiss, and Benjamin assaulted and battered Plaintiff without cause or justification, which actions and conduct caused Plaintiff to sustain the above described injuries and damages.

62. As a direct and proximate result of this restraint and detention the Plaintiff was injured.

63. Plaintiff is entitled to compensatory and punitive damages for assault and battery against Defendants Moutray, Weiss, and Benjamin as their actions were willful, wanton and malicious.

64. At the time of the assault and battery of Plaintiff, Defendant Moutray, Weiss, and Benjamin were ostensibly acting to benefit their employer's policing function.

65. Defendant Moutray, Weiss, and Benjamin's actions were therefore within the scope of employment.

66. Defendant City of Pevely is therefore liable under a theory of *respondeat superior.*

WHEREFORE, Plaintiff prays for judgment for assault and battery against Defendant Moutray, Weiss, and Benjamin in their individual capacity for compensatory damages in a fair and reasonable amount to include but not necessarily limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering, for punitive damages and for costs, and prays for judgment for assault and battery against Defendant City of Pevely under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, as follows:

1. Award Plaintiff damages for emotional distress and compensatory damages;

2. Award Plaintiff punitive damages for Defendants' intentional and malicious violation of Plaintiff's rights;

3. Award Plaintiff his reasonable attorneys' fees and costs incurred herein; and

4. Grant Plaintiff such other and further legal relief as this Court deems just and proper.

Respectfully Submitted,

By:   /s/     Mick Henderson
A. Mick Henderson, #MO62163
Henderson & Waterkotte, P.C.
7750 Clayton Rd., Suite 209
St. Louis, MO 63117
Phone: (314) 645-4400
Fax:    (314) 448-1926
henderson@hwlawpc.com