UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT GOLDEN, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    No. 4:17 CV 284 DDN |
| | ) |
| CHARLES MOUTRAY, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This action is before the Court on the motion of defendant City of Pevely, Missouri, to dismiss under Fed. R. Civ. P. 12(b)(6) certain claims in the complaint of Robert Golden, Jr.: (1) the official capacity claims against defendants Charles Moutray, Kyle Weiss, and Brian Benjamin; and (2) Count IV in its entirety. (Doc. 51). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

After hearing oral arguments from the parties on April 3, 2018, the Court grants defendant's motion in part and otherwise denies it.

## I.    BACKGROUND

Plaintiff Robert Golden, Jr., alleges the following facts in his amended complaint. On November 12, 2016, he was driving with three passengers in Pevely, Missouri, when defendants Moutray, Weiss, and Benjamin in a black Dodge Intrepid followed his vehicle. (Doc. 43, ¶¶ 13-14). Plaintiff saw that a single red light became illuminated on the front dash of the Intrepid vehicle behind him. In response to this light, plaintiff promptly pulled over to the side of the road. (*Id.* at ¶¶ 17-18). Wearing plain, non-police uniform clothing, Moutray, Weiss, and Benjamin exited the unmarked Intrepid with guns drawn and pointed at plaintiff. (*Id.* at ¶¶ 19-20). Fearing for his safety, plaintiff pulled

away and instructed his passengers to get down on the floor of the vehicle, in case the three individuals started shooting. (*Id.* at ¶¶ 20-21). Plaintiff then saw a marked City of Herculaneum police vehicle with lights and siren on, and he pulled over. (*Id.* at ¶ 22). The Herculaneum officer exited his vehicle and issued orders to plaintiff, who attempted to comply. (*Id.* at ¶ 23). The Intrepid then pulled in behind plaintiff, the three individual defendants exited. Two of the defendants forcibly pulled plaintiff out of his car, threw him to the ground, and handcuffed him. (*Id.* at ¶¶ 25-26).

During and after being handcuffed, plaintiff was struck in the legs, body, and head. (*Id.* at ¶ 26). Defendant Benjamin placed a gun to plaintiff's head and defendant Moutray instructed the Herculaneum officer to turn off his camera. (*Id.* at ¶¶ 27-28). Defendant Moutray and one or more defendants kicked plaintiff, stomped on his head, and repeatedly slammed him, and dragged him across the asphalt after he was handcuffed. (*Id.* at ¶¶ 29-30). Plaintiff was forced to say self-demeaning vulgarities. (*Id.* at ¶ 32). At least one defendant bragged that he got plaintiff to say this in front of a female passenger he believed to be plaintiff's girlfriend. (*Id.* at ¶ 32). Another bragged that the beating "brings back good times when we used to go do this." (*Id.* at ¶ 33). Plaintiff was taken to the Pevely Police Department and placed in a holding cell. (*Id.* at ¶ 36). Defendant Weiss wrote plaintiff two tickets to justify the traffic stop. (*Id.* at ¶ 37).

On January 25, 2017, plaintiff filed his original complaint in this Court against the City of Pevely, Missouri, and the three individuals in the Intrepid, patrol officers Charles Anthony Moutray, Kyle Weiss, and Brian Benjamin. (Doc. 1). He alleged two counts in the original complaint:

(1) Violations of 42 U.S.C. § 1983 against defendant Moutray in his individual and official capacities and against defendants Weiss and Benjamin in their individual capacities, and

(2) Assault and battery against the City of Pevely; defendant Moutray in his individual and official capacities; and Weiss and Benjamin in their individual capacities.

(Doc. 1).

2

On January 31, 2018, plaintiff filed an amended that alleges the following pending claims:

(1) Unconstitutional arrest under 42 U.S.C. § 1983 against defendants Moutray, Weiss, and Benjamin in their individual and official capacities,

(2) Excessive force under 42 U.S.C. § 1983 against defendants Moutray, Weiss, and Benjamin in their individual and official capacities,

(3) Failure to intervene under 42 U.S.C. § 1983 against defendants Moutray, Weiss, and Benjamin in their individual and official capacities,

(4) Civil conspiracy under 42 U.S.C. § 1983 against defendants Moutray, Weiss, and Benjamin in their individual capacities,

(5) Municipal custom and/or failure to instruct, train, supervise, control, and/or discipline under 42 U.S.C. § 1983 against defendant Pevely,

(6) Assault and battery against defendants Moutray, Weiss, and Benjamin in their individual capacities, and

(7) False arrest against defendants Moutray, Weiss, and Benjamin in their individual capacities,

(Doc. 43).

Defendant City of Pevely ("City") has moved to dismiss Count 4 and the official capacity claims in Counts 1-3 of the amended complaint. (Doc. 51).

## II. APPLICABLE LEGAL STANDARDS

The City's motion challenges the legal sufficiency of plaintiff's allegations in Counts 1-3 and Count 4 and invokes Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), a party may move to dismiss all or part of a case for its failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To overcome a motion to dismiss under Rule 12(b)(6) a complaint "must include enough facts to state a claim to relief that is plausible on its face," providing more than just labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a complaint will "allow[] the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing the pleadings under this standard, the Court must accept all of the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor, but the Court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012).

### III. OFFICIAL CAPACITY CLAIMS

The amended complaint asserts in its introductory paragraphs that appear to be applicable to all claims that defendants Moutray, Weiss, and Benjamin "are sued in their individual and official capacities." (Doc. 43, ¶¶ 3-5). However, Counts 4, 6, and 7 expressly state that these defendants are sued in these counts in their individual capacities only. (*Id.* at 10, 15-16). Count 5 is brought against the City only. Accordingly, only the claims in Counts 1, 2, and 3 are made against defendants in both their individual and official capacities, and each of these alleges violations under 42 U.S.C. § 1983.

Personal capacity suits brought under § 1983 seek to impose personal liability on an official for actions taken under color of law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In an official-capacity § 1983 suit, on the other hand, "the real party in interest . . . is the governmental entity and not the named official." *Id.* For this reason, a governmental "policy or custom" must be responsible for the unlawful activity alleged and "the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses." *Id.* Plaintiff does not make any policy or custom allegations in Counts 1-3. Rather, he alleges several municipal custom allegations against the defendant City only in Count 5. However, other than generally incorporating into Count 5 all paragraphs in the amended complaint that precede it(Doc. 43 ¶ 74) and by alleging that the individual defendants "violated Plaintiff's constitutional rights as set forth above," The Court construes Count 5 as alleging that the City is liable with the individual defendants for the claims against them in Counts 1, 2, and 3.

4

Even though a § 1983 claim against an individual in his official capacity is a claim against the related official organizational entity, and even though in plaintiff's amended complaint the official capacity allegations against the individuals appear to be redundant of the Count 5 claim against the City, plaintiff argues that the dismissal of these claims would be premature at this stage. The Court disagrees. Under Rule 12(f) the Court may strike any redundant matter from a pleading. *See* F. R. Civ. P. 12(f). Plaintiff has not indicated any substantial purpose to be served by delaying the dismissal of the official capacity allegations against the individual defendants or any prejudice that would result from dismissing them.

Therefore, to clarify that the claims against the individual defendants in Counts 1-3 are against them in their personal capacities only, the Court dismisses the allegations that they are sued in those counts also in their official capacities. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Artis v. Francis Howell North Band Booster Ass'n. Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998); *Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994).

## IV. <u>CIVIL CONSPIRACY</u>

Defendant City also seeks to dismiss Count 4, which alleges a civil conspiracy under § 1983 against defendants Moutray, Weiss, and Benjamin. The essential elements of a conspiracy claim under § 1983 are: (1) the defendant conspired or agreed with one or more others to deprive plaintiff of a constitutional right; (2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

Plaintiff alleges that defendants Moutray, Weiss, and Benjamin acted under color of state law and "conspired together and amongst themselves and reached a mutual understanding to undertake a course of conduct to deprive plaintiff of his constitutional rights." (Doc. 43, ¶ 67). Specifically, he alleges that the officers stopped him, knowing they had no probable cause to do so, used excessive force, failed to intervene in each other's use of excessive force, directed another officer on the scene to stop recording

their conduct, prepared a false police report, filed false charges, and took other steps to cover up their unlawful behavior.  (*Id.* at ¶ 68).

Defendant City argues that Count 4 is barred by the intracorporate conspiracy doctrine, which protects "corporate agents acting within the scope of their employment" from civil conspiracy suits.  *Meyers v. Starke*, 420 F.3d 738, 742 (8th Cir. 2005).  In *Meyers*, plaintiff Myers commenced her suit under 42 U.S.C. § 1983 against a Nebraska state agency and three individuals in their personal and official capacities, alleging she had been unlawfully demoted for exercising her right to comment on a matter of public concern.  The District Court dismissed all claims against the agency and all official capacity claims against the individuals.  Following trial, several orders, and a judgment in favor of the remaining individual defendant, plaintiff appealed.  On appeal, the Eighth Circuit Court of Appeals affirmed.  In its opinion, the Court of Appeals determined that the District Court did not err by refusing to allow the plaintiff to amend the complaint to add a conspiracy claim under 42 U.S.C. § 1985(2) (prohibiting a conspiracy to obstruct justice in a court of the United States), because any such amended claim would be "barred under the intracorporate conspiracy doctrine, which allows corporate agents acting within the scope of their employment to be shielded from constituting a conspiracy under § 1985.  *Meyers*, 420 F.3d at 742.  *See also Runs After v. United States*, 766 F.3d 347, 354 (8th Cir. 1985) ("individual members of the Tribal Council, acting in their official capacity as tribal council members, cannot conspire when they act together with other tribal council members in taking official action on behalf of the Tribal Council").  However, the intracorporate conspiracy doctrine does not apply where individual defendants take actions outside the scope of their employment.  *Pinnell v. City of Gerald, Mo.*, 2018 WL 1410710 at *8 (E. D. Mo. Mar. 21, 2018).

Some courts have held that the intracorporate conspiracy doctrine does not protect conspiracies to commit excessive force under Section 1983.  *See, e.g., McDorman v. Smith*, 2005 WL 1869683, at *6 (N.D. Ill. Aug. 2, 2005)  Those courts have reasoned that "the intracorporate conspiracy doctrine was created to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are

later alleged to be discriminatory," *Newsome v. James*, 2000 WL 528475, at *15 (N.D. Ill. Apr. 26, 2000), and "police misconduct . . . does not fit that mold because conspiracy and cover-up are not the product of routine police department decision-making." *McDorman*, 2005 WL 1869683 at *6; *see also Howard v. City of Chicago*, 2004 WL 2397281 at *12 (N.D. Ill. Oct. 25, 2004).

Two courts in this district have concluded that because of the standard of review on motions to dismiss, it is inappropriate to apply the intracorporate conspiracy doctrine at the dismissal stage in § 1983 cases. *Powers v. City of Ferguson*, 229 F. Supp. 3d 894, 904-05 (E.D. Mo. 2017); *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, No. 4:13 CV 1257 ERW, 2014 WL 46234, at *8 (E.D. Mo. Feb. 5, 2014), *aff'd in part, rev'd in part on other grounds and remanded*, 793 F.3d 822 (8th Cir. 2015). This Court agrees that the interests of justice are not best served by considering the intracorporate conspiracy doctrine at this pre-evidentiary stage of the case.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant City of Pevely to dismiss (Doc. 51) is **sustained in part,** in that the official-capacity claims against the individual defendants in Counts 1, 2, and 3 are dismissed. In all other respects, the motion is **denied.**

                                            /s/ David D. Noce
                                      **UNITED STATES MAGISTRATE JUDGE**

Signed on April 13, 2018.